(No. 2964— )

RALPH R. CONNOR, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1941.*

*Rehearing denied January 14, 1942.*

E. J. COYLE and FRANK R. EAGLETON, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This claim is based on injuries sustained by Ralph R. Connor, the claimant herein, alleged to have arisen "out of

and during the course of" his employment, as a traveling auditor in the Department of Public Welfare of the State of Illinois. This claim was filed August 29, 1936, under the Workmen's Compensation Act.

The complaint alleges that he was first employed in said department in June, 1933, and was continuously employed therein until the date of the accident.

The complaint further alleges that his duties required him to visit different State institutions to check over and audit the books and records of said State institutions; that on September 6, 1935, he was working at the Illinois State Penitentiary at Joliet, and in order to complete the audit of a transaction it was necessary for him to go to the Women's Reformatory at Dwight; that while the claimant was traveling along U. S. Highway No. 66, enroute to Dwight for this purpose in his own car, for the use of which he was paid mileage by the respondent, a collision occurred, between his car and another driven by one Miss Nellie Gorra, causing claimant to suffer serious bodily injuries.

The complaint further alleges that after said accident claimant was taken to a Veteran's Hospital in Dwight, Illinois, and remained there from September 6, 1935, until January 24, 1936, and that in said accident claimant suffered a permanent and total disability to his left leg. Claimant further alleges that while he was in said hospital at Dwight he notified his superiors in the Department of Public Welfare, of his injury and that within six months of said injury he demanded, from the Department of Public Welfare he be paid compensation as provided by the Workmen's Compensation Act, and alleges that on September 30, 1935, he was notified by said Department that from that date he was on leave of absence from the Department without pay. That on July 1, 1936, he returned to said Department as an employee in the Springfield office at a decreased salary.

The record in this case consists of the original complaint; a report of the Department of Public Welfare, dated October 9, 1936; the testimony of the claimant, and that of his wife; Exhibits No. 1 to No. 7 inclusive, all offered on behalf of claimant. No defense was offered on behalf of the State.

Claimant seeks an award of, $7,498.94 as follows:

$3,352.50 for temporary and total disability.
$3,417.10 for medical expenses.

$ 729.34 for damaged wearing apparel and damages to car, radio and seat covers of same.

The evidence discloses that the allegations in said complaint are substantially true; that claimant had been employed in the Department of Public Welfare since about May 16, 1933, and on the day of the accident had been working at the Illinois State Penitentiary at Stateville, that in order to check or investigate a certain transaction it became necessary for him to make an investigation at the Women's Reformatory at Dwight. That he left Joliet shortly before 4:00 P. M. of that day, and at a point approximately six miles north-east of Dwight on U. S. Highway No. 66, his car and one approaching from the south collided. As a result this claimant was rendered unconscious, an ambulance was procured, and claimant was taken to a hospital. Upon examination it was found that he suffered a compound fracture of the left tibia, and a crushing injury to the left patella, also suffered a contusion to the cerebrum. He spent four months in said Veteran's hospital at Dwight, Illinois, where he was attended by Dr. Robert I. Barickman, then followed one month at the Hines Hospital in Hines, Illinois, claimant remained at home after being discharged from the latter hospital for a period of above five months. By agreement of counsel for claimant, and respondent he submitted to a physical examination on March 17, 1939, by Dr. Paul H. Harmon, Superintendent of the Division for Handicapped Children in the Department of Public Welfare, who found a broad scar beneath the left patella which scar is adherent to the left tibia. The left knee joint was unstable and the tibia was posterially luxated. This physician also stated in his report:

"The patient is now able to perform all his duties as an accountant (sedentary occupation), for the Department of Public Welfare. He doesn't have a normal gait, since the left leg has to be supported by a brace, in order to stabilize his knee. There is atrophy of the left leg, and thigh, the circumference of the left thigh being two inches less than the right thigh at a point four inches above the patella, and the circumference of the left calf being one inch less than the right calf four inches below the patella. The patient has a restriction in motion of the left knee, there being possibly forty degrees of passive flection and twenty-five degrees active flection from the straight leg position. Patient has normal range of motion from the left ankle and hip."

The doctor again examined claimant on October 23, 1939, and reports as follows:

"I would consider the patient's left leg to be entirely useless were it not supported by the brace, in view of the fact that it is no longer stable unless supported by this appliance." (Exhibits No. 6 and No. 7.)

The evidence further discloses that this claimant was temporarily totally disabled from following his usual occupation from the day of the injury until July 1, 1936, or a period of 43 3/7 weeks. That on July 1, 1936, the claimant returned to his employment as auditor in the Springfield office in the Department of Public Welfare, wearing a walking caliper. He was reemployed at the same salary he had been receiving at the time of injury.

From a personal examination of the claimant by the court, and upon consideration of the record herein, the court finds:

1. That said Ralph R. Connor and respondent were, on the 6th day of September, 1935, operating under the provisions of the Workmen's Compensation Act.
2. That on said day, said Ralph R. Connor sustained accidental injuries which arose out of, and in the course of, his employment.
3. That notice of the accident was given to the respondent and claim for compensation made within the time required by the provisions of such Act.
4. That claimant's annual earnings were Two Thousand Seven Hundred ($2,700.00) Dollars, and his compensation rate is Fifteen ($15.00) Dollars per week.
5. That claimant, at the time of the injury, was forty-five years of age, and married.
6. That claimant was temporarily totally disabled from September 6, 1935, to July 1, 1936.
7. That as a result of such accident, claimant has sustained a partial permanent loss of the use of his left leg.
8. That the sum of One Hundred Twenty-seven Dollars and Fifty Cents ($127.50) has been paid to him subsequent to said accident, for non-productive work, during the month of September, 1935.
9. That as a result of said injury he expended the sum of Ten ($10.00) Dollars for ambulance services.
10. That claimant is entitled to an award on the above findings.

The claim for Three Thousand Four Hundred Seventeen Dollars and Ten Cents ($3,417.10), for medical expenses, while in the Veteran's Hospitals, must be denied for the reason there is no legal obligation on the part of the claimant to pay the Federal Government for the services or appliances he received and therefore there is no legal obligation on the part of the State to pay him the estimated reasonable cost of such services.

Likewise the claim for Seven Hundred Twenty-nine Dollars and Thirty-four Cents ($729.34), for damaged wearing apparel and damages to car, radio and seat covers must also be denied. There is no law or authority for an allowance of this character. The State is not an insurer of the personal property of its employee.

It is evident from the record, that except for claimant's temporary total disability, his rights, under the Act, are for a specific loss of use of the left leg. The evidence as it now appears in the record supports a fifty (50) per cent specific loss of use of claimant's left leg. Under the provisions of the Compensation Act, and on the basis of the average weekly wage of claimant he would be entitled to forty-three and three-sevenths (43 3/7) weeks at Fifteen ($15.00) dollars per week, for temporary total disability amounting to Six Hundred Fifty-one dollars and Forty-three cents ($651.43), and on the basis of his average weekly wage claimant would be entitled to ninety-five (95) weeks at Fifteen ($15.00) dollars a week for such specific loss amounting to One Thousand Four Hundred Twenty-five ($1,425.00) dollars, making a total of Two Thousand Seventy-six dollars and Forty-three cents ($2,076.43); from this must be deducted One Hundred Twenty-seven dollars and Fifty cents ($127.50), which was paid claimant during the month of September, 1935, for non-productive work. The sum of Ten ($10.00) dollars for ambulance service is also allowed making a total due the claimant of One Thousand Nine Hundred Fifty-eight dollars and Ninety-three cents ($1,958.93).

An award is therefore entered in favor of claimant in the sum of One Thousand Nine Hundred Fifty-eight dollars and Ninety-three cents ($1,958.93), all of which has heretofore accrued, and is now payable to the claimant in a lump sum.

This award being subject to the provisions of an Act entitled, ''An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof,'' approved June 30, 1941, (Sess. Laws 1941, p. 69), and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from the General Revenue Fund in the manner provided for in such Act.